FILED

2017 OCT 16  PM 3:59

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

U.S. DISTRICT COURT
ORLANDO, FLORIDA

ALBERTO DARDIZ, on his own
behalf and on behalf of those similarly
situated,

       **Plaintiff,**

**vs.**                                      **CASE NO.:** 6:17-cv-1794-orl AoKES

AMAZULU TRANSPORT, INC., a
Florida Profit Corporation,

       **Defendant.**             /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, ALBERTO DARDIZ, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, AMAZULU TRANSPORT, INC., ("AMAZULU" or "Defendant"), and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

4.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6.      To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

7.      The Defendant in this case, vehicle transporting company, violated the FLSA by failing to pay Plaintiff and other similarly-situated drivers time and one-half compensation for all of their hours worked over forty (40) each week.

8.      This action is intended to include each and every driver classified by Defendant as an "independent contractor" who performed services for Defendant at any time within the past three (3) years.

## PARTIES

9.     Plaintiff, and those similarly situated individuals ("class members"), were drivers classified as "independent contractors" and paid on an hourly basis for services performed for Defendant.

10.     Defendant, AMAZULU, is a Florida For Profit Corporation.

11.     Defendant, a company incorporated in Florida, provides services for national rental car companies by performing work involved in the maintenance, repair or improvement of existing instrumentalities of commerce. Specifically, Defendant assists national rental car companies in transporting rental vehicles to and from retail locations where the vehicles are needed.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

13.     Defendant, AMAZULU, conducts business in, Orange County, Florida, as well as statewide, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

14.     At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

15.     At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

16.    At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17.    At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a.    Engaged in commerce; or

    b.    Engaged in the production of goods for commerce; or

    c.    Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. cars, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

18.    Defendant, AMAZULU, is a company rental vehicle transport company.

19.    Defendant, AMAZULU, has a common pay policy and/or pay practice which fails to pay certain piece rate paid drivers at least the statutory minimum wage for all hours worked per week.

20.    Defendant, AMAZULU, has a common pay policy and/or pay practice which classifies drivers as independent contractors and which fails to pay certain piece rate paid drivers at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

21.    Plaintiff, ALBERTO DARDIZ, performed non-exempt driving duties for Defendant in exchange for an hourly rate.

22.    Plaintiff worked in this capacity from approximately April 21, 2015 through present.

23.    Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

24.    Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

25.    Upon information and belief, Defendant had/has a company-wide policy of failing to pay all of its drivers proper overtime compensation for all of their overtime hours worked.

26.    Plaintiff, and those similarly situated to him, are/were economically dependent upon the compensation they received for their exclusive work performed for AMAZULU.

27.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

28.    Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29.    Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to him, in accordance with the law.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

30.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31.    Plaintiff, and those similarly situated to him, are/were entitled to be paid the proper minimum wage for each hour worked per workweek.

32.    Plaintiff, and those similarly situated to him, routinely worked "off-the-clock" during one or more workweeks. Specifically, Plaintiff, and those similarly situated to him, regularly had to wait for the rental car companies to prepare and provide the rental vehicles to AMAZULU for transporting.

33.    As a result, Plaintiff, and those similarly situated to him, did not earn at least the statutory minimum wage for all hours worked contrary to the FLSA.

34.    Defendant willfully failed to pay minimum wage compensation for these hours contrary to 29 U.S.C. § 206.

35.    As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff, and those similarly situated to him, has/have been damaged in the loss of minimum wages.

36.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a.    Awarding Plaintiff, and those similarly situated to him, his/their unpaid minimum wages;

    b.    Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    c.    Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

37.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

38.     Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

39.     During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one-half compensation for same.

40.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to him, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

41.     As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

42.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

7

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: ___10/12/17___.                    Respectfully submitted by,

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com

AND

Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com

*Trial Counsel for Plaintiff and Class Members*